■ In the Matter of D. M. K. REALTY CORP., Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— Judgment in an article 78 proceeding, entered March 4, 1964, annulling an order of the City Rent and Rehabilitation Administrator denying the landlord's application for orders decontrolling certain housing accommodations, unanimously reversed on the law and on the facts, with $50 costs to appellant; the petition is dismissed and the determination reinstated. The question in this case is whether the Administrator reasonably refused to waive the room and area requirements of the Rent Regulations to permit decontrol of the additional housing accommodations petitioner alleges to have created. Petitioner contracted to purchase the building in October, 1961, at a time when the building was vacant and in a dilapidated condition. Title was taken one month later. Thereafter, petitioner subdivided the 8 5-room apartments into 16 housing accommodations. Eight front accommodations had one room occupying 270 square feet; and the 8 rear accommodations had 2 rooms, having an approximate area of 395 square feet. Section 11 of the Rent Regulations provided that a self-contained family unit shall be an accommodation containing a minimum total of 395 square feet exclusive of the area of bathrooms and closets. Where, however, the landlord can establish that either the 2-room or floor area requirement, or both, cannot be complied with because of unique or peculiar circumstances, the Administrator may waive the requirement if she finds that such waiver is not inconsistent with the purposes of the Rent Law and Regulations. As Special Term held, the basic issue before the Administrator was whether petitioner was entitled to the benefit of the waiver provisions of section 11 of the Rent Regulations, since the one-room front accommodations did not comply with the minimum requirement of the Regulations. The record shows that the landlord was cognizant of the room and area requirements of the Regulations before construction work began, even though it may have had plans approved before the Regulations became effective. If the landlord, nevertheless, chose to go forward with those plans, and it made the conversion, it may thereby have become entitled to appropriate rent increases for the improvements made, but could not thereby present a clear case of unique or peculiar circumstances warranting decontrol. The Administrator ruled that the prime circumstance contemplated

as unique or peculiar was that in which a landlord had commenced work relying upon a prior regulation and would then be affected adversely. It was not arbitrary or unreasonable for the Administrator to refuse to extend the waiver provision to an owner who commenced work with full knowledge of the existing regulation. It should be noted too that the basic requirement for obtaining decontrol is the creation of additional self-contained family units as defined by the Rent Administrator. The Administrator properly argues that prior to the alteration here there were 8, 5-room self-contained family units; and that the landlord subdivided each apartment into two parts — one part just meeting the minimum standards while the other part falling far short. Consequently, there are still only 8 self-contained family units, and no new ones were erected. Moreover, there is nothing in the record to indicate why the landlord could not have created 12 units out of the 8 rather than 16, and thereby complied with the requirements of section 11 of the Regulations. The purpose of the law would be frustrated if decontrol could be obtained merely by reducing the size of existing apartments so long as the reduction left an area of 395 square feet. In sum, the Administrator's determination had a substantial and reasonable basis in the record, and should not have been disturbed. Petitioner's remedy is to seek other means to compensate it for the improvements. Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.